# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KAVYA NAGARAJ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:18-cv-01977-TSC |
| | ) | |
| UNITED STATES CITIZENSHIP AND | ) | |
| IMMIGRATION SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S MOTION TO DISMISS

Defendant United States Citizenship and Immigration Services ("USCIS") respectfully moves this Court for dismissal of this case pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. In the alternative, Defendant moves this Court to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of standing, as Plaintiff is a third-party beneficiary while the petitioning company is not a named Plaintiff. In support of this motion, Defendant submits the attached memorandum of points and authorities, along with a proposed order. Defendant further requests an oral hearing pursuant to LCvR 7(f).

Dated: March 8, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

GLENN M. GIRDHARRY
Assistant Director

SAMUEL P. GO
Senior Litigation Counsel

DANIEL P. CHUNG
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section


*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAVYA NAGARAJ, )<br><br>Plaintiff, )<br><br>v. )<br><br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES, )<br><br>Defendant. ) | Civil Action No. 1:18-cv-01977-TSC<br><br>Oral Argument Requested |

---

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

---

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

GLENN M. GIRDHARRY
Assistant Director

SAMUEL P. GO
Senior Litigation Counsel

By: *s/ Daniel P. Chung*
DANIEL P. CHUNG (NYBN 4450540)
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-1263 | Fax: (202) 305-7000
Email: Daniel.P.Chung@usdoj.gov

Dated: March 8, 2019

*Attorneys for Defendant*

## TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................................................ 1

II.    STATUTORY AND REGULATION BACKGROUND ................................................. 1

III.   FACTUAL BACKGROUND ...................................................................................... 4

IV.    STANDARDS OF REVIEW ....................................................................................... 5

       A.  The Scope of Review Under The APA ................................................................ 5

       B.  Federal Rule Civil Procedure 12(b)(6) .................................................................. 6

       C.  Federal Rule of Civil Procedure 12(b)(1) ............................................................ 7

V.     ARUGMENT ............................................................................................................. 8

       A.  Plaintiff's Claim Must Be Dismisses For Failure To State a Claim Based on Lack
           of Final Agency Action ....................................................................................... 8

       B.  Plaintiff's Claims Should Be Dismissed For Lack of Standing. In the alternative,
           the Court should dismiss the counts in Plaintiff's Complaint for lack of standing
           pursuant to Federal Rule Civil Procedure 12(b)(1) ............................................ 11

VI.    CONCLUSION ........................................................................................................ 17

**CERTIFICATE OF SERVICE**

# TABLE OF AUTHORITIES

## Cases

*Abboud v. INS*,
  140 F.3d  (9th Cir. 1998) ............................................................................................. 14

*Ahlijah v. Nielsen*,
  CV No. PX-17-1720, 2018 WL 3363875 (D. Maryland July 10, 2018) ........................................ 9

*Ariz. Christian Sch. Tuition Org. v. Winn*,
  563 U.S. 125 (2011) ........................................................................................................ 11

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .......................................................................................................... 6

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ........................................................................................................... 6

*Bennett v. Spear*,
  520 U.S. 154 (1997) ........................................................................................................ 6, 9

*Blacher v. Ridge*,
  436 F. Supp. 2d 602 (S.D.N.Y. 2006) ............................................................................... 14

*Block v. Community Nutrition Institute*,
  467 U.S. 340 (2000) ........................................................................................................ 17

*Brown v. F.B.I.*,
  793 F. Supp. 2d 368 (D.D.C. 2011) ................................................................................... 12

*Center for Auto Safety v. NHTSA*,
  452 F.3d 798 (D.C. Cir. 2006) ............................................................................................ 6

*Conservation Force v. Salazar*,
  919 F. Supp. 2d 85 (D.D.C. 2013) ..................................................................................... 9

*Cost Saver Management LLC v. Napolitano, et al.*, CV 10-2105-JST,
  2011 WL 13119439 (C.D. Cal. June 7, 2011) ........................................................... 12, 13, 14

*Cyberworld Enter. Techs. v. Napolitano*,
  602 F.3d 189 (3d Cir. 2010) ...................................................................................... 2, 3, 4, 5

*Dalton v. Specter*,
  511 U.S. 462 (1994) ........................................................................................................... 5

*De Ramirez, et. al. v. Reich*,
   *et al.*, 156 F.3d 1273 (D.C. Cir. 1998) ....................................................................... 17

*Fairbanks N. Star Borough v. U.S. Army Corps of Engineers*,
   543 F.3d 586 (9th Cir. 2008) ..................................................................................... 9

*Franklin v. Massachusetts*,
   505 U.S. 788 (1992) .................................................................................................... 6

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*,
   528 U.S. 167 (2000) .................................................................................................. 11

*FTC v. Standard Oil Co. of Cal.*,
   449 U.S. 232 (1980) .................................................................................................... 5

*Gao v. Gonzalez*,
   464 F.3d 728 (7th Cir. 2006) ...................................................................................... 9

*George v. Napolitano*,
   693 F. Supp. 2d 125 (D.D.C. 2010) ............................................................. 7, 13, 14

*Grand Council of the Crees v. FERC*,
   198 F.3d 950 (D.C. Cir. 2000) .................................................................................... 7

*Haase v. Sessions*,
   835 F.2d 902 (D.C. Cir. 1987) .................................................................................... 7

*Holistic Candlers & Consumers Ass'n v. FDA*,
   664 F.3d 940 (D.C. Cir. 2012) .................................................................................... 9

*Ibrahimi v. Chertoff*,
   No. 07-3644, 2008 WL 3821678 (D.N.J. Aug. 12, 2008) ........................................ 14

*In re United Mine Workers of Am. Employee Benefit Plan Litig.*,
   854 F. Supp. 914 (D.D.C. 1994) ................................................................................. 7

*Independent Petroleum Ass'n of America v. Babbit*,
   971 F.Supp. 19 (D.C. Cir. 1997) .............................................................................. 10

*Jaimez-Revolla v. Bell*,
   598 F.2d 243 (D.C. Cir. 1979) .................................................................................. 13

*Khalid v. DHS*,
   1 F. Supp. 3d 560 (S.D. Tex. 2014) .......................................................................... 15

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
   511 U.S. 375 (1994) .................................................................................................... 7

*LanceSoft, Inc. v. USCIS,*
   755 F. Supp. 2d 188 (D.D.C. 2010) ............................................................................ 6

*Legal Assistance for Vietnamese Asylum Seekers v. Dep't of State,*
   45 F.3d 469 (D.C. Cir. 1995) ................................................................................... 13

*Lujan v. Defenders of Wildlife,*
   504 U.S. 555 (1992) ............................................................................................... 11

*Lujan v. Nat'l Wildfire Fed'n,*
   497 U.S. 871, 882 (1990) .......................................................................................... 5

*Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak,*
   132 S. Ct. 2199 (2012) ........................................................................................... 15

*Nat'l Black Police Ass'n v. District of Columbia,*
   108 F.3d 346 (D.C. Cir. 1997) ................................................................................ 12

*Nat'l Fed'n of Fed. Emp. v.* Cheney,
   883 F.2d 1038 (D.C. Cir. 1989) ................................................................................ 7

*Nat'l Mining Ass'n v. McCarthy,*
   758 F.3d 243 (D.C. Cir. 2014) .................................................................................. 6

*Net-Inspect, LLC v. USCIS,* NO. C14-1514-JLF,
   2015 WL 880956 (W.D. Wash. Mar. 2, 2015) .......................................................... 8

*Pai v. U.S. Citizenship and Immigration Services,*
   810 F.Supp.2d 102 (D.D.C. 2011) ................................................................. 11, 12, 13

*Port of Boston Marine Terminal Ass'n v. Rederiaktiebolaget Transatlantic,*
   400 U.S. 62 (1970) ................................................................................................ 10

*Ramer v. United States,*
   620 F. Supp. 2d 90 (D.D.C. 2009) ............................................................................ 7

*Ravulapalli v. Napolitano,*
   773 F. Supp. 2d 41 (D.D.C. 2011) ............................................................................ 7

*Reliable Automatic Sprinkler Co., Inc. v. Consumer Prod. Safety Comm'n,*
   324 F.3d 726 (D.C. Cir. 2003) ................................................................................ 10

*Role Models Am., Inc. v. White,*
   317 F.3d 327 (D.C. Cir. 2003) ............................................................................ 6, 10

*Simon v. E. Ky. Welfare Rights Org.,*
   426 U.S. 26 (1976) ................................................................................................ 11

*Speelman v. United States*,
    461 F. Supp. 2d 71 (D.D.C. 2006)................................................................. 8

*Spencer Enters., Inc. v. United States*,
    345 F.3d 683 (9th Cir. 2003)..................................................................... 14

*Steel Co. v. Citizens for a Better Env't*,
    523 U.S. 83 (1998)................................................................................. 8

*Stellar IT Solutions, Inc. and Kartik Krishnamurthy v. USCIS*, No. CV-18-2015,
    2018 WL 6047413 (D.D.C. Nov. 19, 2018)............................................... 2, 12

*Summers v. Earth Island Inst.*,
    555 U.S. 448 (2009).............................................................................. 11

*Terveer v. Billington*,
    34 F. Supp. 3d 100 (D.D.C. 2014).............................................................. 7

*True Capital Mgmt., LLC v. U.S. Dep't of Homeland Sec.*,
    No. 13-261 JSC, 2013 WL 3157904 (N.D. Cal. June 20, 2013).......................... 9

*Vemuri v. Napolitano*,
    845 F. Supp. 2d 125 (D.D.C. 2012)........................................................... 12

*Ward v. D.C. Dep't of Youth Rehab. Serv's*,
    768 F.Supp.2d 117 (D.D.C. 2011)............................................................... 7

*Wightman-Cervantes v. Mueller*,
    750 F. Supp. 2d 76 (D.D.C. 2010).............................................................. 8

## **FEDERAL STATUES**

5 U.S.C. § 704................................................................................... 5, 8, 9

5 U.S.C. § 706(2)(A) ............................................................................... 1

8 U.S.C. § 1101(a)(15)(H)(i)(B) ...............................................................1, 4

8 U.S.C. § 1182(j)(2)............................................................................... 1

8 U.S.C. § 1182(n)(1)............................................................................... 2

8 U.S.C. § 1184(i)(1)............................................................................... 1

8 U.S.C. § 1184(i)(2)............................................................................... 1

8 U.S.C. § 1184(i)(1)(A)........................................................................... 2

8 U.S.C. § 1184(n)(1)(D)...........................................................................................................2

U.S.C. § 1184(i)(2)....................................................................................................................2

## FEDERAL REGULATIONS

8 C.F.R. § 103..........................................................................................................................16

8 C.F.R. § 103.5(a)....................................................................................................................8

8 C.F.R. § 103.5(a)(5)(ii)......................................................................................................5, 10

8 C.F.R. 214.2(h)(1)(i).............................................................................................................16

8 C.F.R. 214.2(h)(2)(i)(A)........................................................................................................16

8 C.F.R. § 214.2(h)(2)(iii)(A)(1)...............................................................................................5

8 C.F.R. § 214.2(h)(4)...............................................................................................................2

8 C.F.R. § 214.2(h)(4)(i)(B)(2)..................................................................................................3

8 C.F.R. § 214.2(h)(4)(ii)...........................................................................................................3

8 C.F.R. § 214.2(h)(4)(iii)(B)(1)-(2).........................................................................................2

8 C.F.R. 214.2(h)(10)(ii)..........................................................................................................16

20 C.F.R. § 655.705(b)..............................................................................................................3

20 C.F.R. § 655.715...................................................................................................................2

20 C.F.R. § 655.730(a)..............................................................................................................2

20 C.F.R. § 655.730(b)..............................................................................................................3

20 C.F.R. § 655.730(c)(3)..........................................................................................................2

20 C.F.R. § 655.730(c)(4)..........................................................................................................2

## FEDERAL RULES OF CIVIL PROCEDURE

Fed. R. of Civ. P. 12(b)(1)..........................................................................................1, 7, 11, 17

Fed. R. of Civ. P. 12(b)(6).............................................................................................1, 6, 17

## I.     INTRODUCTION

Defendant respectfully moves the Court to dismiss Plaintiff's Complaint (ECF No. 1) (hereinafter, "the Complaint" or "Pl.'s Compl.") for failure to adequately plead a plausible claim for relief, and for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(6) and 12(b)(1). Ms. Kavya Nagaraj ("Plaintiff") alleges that the United States Citizenship and Immigration Services' ("USCIS") denial of a Petition for a Nonimmigrant Worker ("Form I-129") filed by Axtria, Inc. ("Axtria") to classify Plaintiff as an H-1B nonimmigrant worker under the title of Associate-Business Operations was arbitrary, capricious, not in accordance with the law and an abuse of USCIS's discretion. *See* Pl.'s Compl. ¶¶ 26-27, *citing* 5 U.S.C. § 706(2)(A).  Plaintiff alleged in her Complaint that she has exhausted all administrative remedies to appeal USCIS's denial of her employer's petition to classify her as an H-1B nonimmigrant and her application for an extension of stay. *Id.* ¶ 25.

Defendant issued Axtria a Notice of Reopeningon February 20, 2019 along with a Request for Evidence ("RFE") dated February 21, 2019. Accordingly, because the Form I-129, Petition for a Nonimmigrant Worker, has been reopened, there is no final agency action and this Court should dismiss Plaintiff's Complaint for failure to state a claim for relief. Furthermore, this Court should dismiss Plaintiff's Complaint for lack of Article III constitutional standing and prudential standing as she is a third party with no recognized injury to challenge Defendant's denial of Axtria's petition and because she is not within the statutory or regulatory zone of interest.

## II.     STATUTORY AND REGULATORY BACKGROUND

The Immigration and Nationality Act ("INA") defines an "H-1B nonimmigrant worker" under 8 U.S.C. § 1101(a)(15)(H)(i)(B) as "an alien … subject to section [8 U.S.C. § 1182(j)(2)] who is coming temporarily to the United States to perform services … in a specialty occupation described in [8 U.S.C. § 1184(i)(1)] … who meets the requirements for the occupation specified in [8 U.S.C.

§ 1184(i)(2)]…" In 1990, Congress established the "specialty occupation" requirement, which is defined as an occupation that requires a "theoretical and practical application of a body of highly specialized knowledge, and [the] attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States. Immigration Act of 1990, Public Law No. 101-649, § 205(c)(2) (Nov. 29, 1990) (codified at 8 U.S.C. § 1184(i)(1)(A)–(B)). In other words, H-1B nonimmigrant visas confer a form of legal nonimmigrant status. *See Stellar IT Solutions, Inc. and Kartik Krishnamurthy v. USCIS*, No. CV-18-2015, 2018 WL 6047413 at *2 (D.D.C. Nov. 19, 2018). This visa enables employers based in the United States to temporarily hire foreign citizens to work in a "specialty occupation."

When an employer based in the United States decides to participate in the H-1B program to find a foreign worker the employer intends to hire, the employer completes a two-step process. First, the employer must submit a Labor Condition Application ("LCA") to the Department of Labor ("DOL"). *See* 8 U.S.C. § 1182(n)(1); 20 C.F.R. § 655.730(a); *Cyberworld Enter. Techs. v. Napolitano*, 602 F.3d 189, 192 (3d Cir. 2010). This LCA identifies the specialty occupation job being offered and verifies that the employer will comply with the requirements of the program, including payment of mandated wages to the worker. *See* 8 U.S.C. § 1184(n)(1)(D); 20 C.F.R. § 655.730(c)(4). The LCA must state the start and end date of the foreign worker's employment as well as providing information of the worksite or physical information where the work will be performed by the H-1B nonimmigrant worker. *See* 20 C.F.R. § 655.715, 655.730(c)(4)(iv)–(v). Second, when the DOL certifies the LCA, the United States-based employer submits the LCA to USCIS, *see* 20 C.F.R. § 655.730(c)(3); 8 C.F.R. § 214.2(h)(4)(iii)(B)(1)–(2), in support of the employer's petition requesting the classification of the foreign national as an H-1B non-immigrant worker – otherwise known as the "beneficiary" -  through Form I-129 Petition for a Nonimmigrant Worker ("Form I-129"). *See* 8 U.S.C. § 1101(a)(15)(H)(i)(B); 8 C.F.R. § 214.2(h)(4). USCIS is the agency charged

with determining if the position listed in the LCA is a specialty occupation and whether the LCA supports the I-129 petition. *See* 20 C.F.R. § 655.705(b) and 8 C.F.R. § 214.2(h)(4)(i)(B)(2). There are several things that are required to be addressed in the Form I-129, such as the United States-based employer establishing it has an employer-employee relationship with the beneficiary as evinced by the fact that the employer may hire, fire, pay, supervise or otherwise control the work of the beneficiary. *See* 8 C.F.R. § 214.2(h)(4)(ii). The United States-based employer also has the burden of establishing that the position offered to the beneficiary is indeed a "specialty occupation."  8 C.F.R. § 214.2(h)(4)(iii)(A). For purposes of demonstrating that the position is indeed a "specialty occupation" the United States-based employer must show that the position satisfies at least one of four prerequisites:

(1) A baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position;

(2) The degree requirement is common to the industry in parallel positions among similar organizations or, in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree;

(3) The employer normally requires a degree or its equivalent for the position; or

(4) The nature of the specific duties are so specialized and complex that knowledge required to perform the duties usually associated with the attainment of a baccalaureate or higher degree.

*Id.* USCIS adjudicators look to the Department of Labor's Occupational Outlook Handbook ("OOH") and consult with the OOH for information about the duties and educational requirements of particular occupations to help adjudicators reach decisions on petitions.

### III.   FACTUAL BACKGROUND

Plaintiff is the beneficiary of a Petition For a Nonimmigrant Worker (Form I-129) filed by

Axtria, Inc. ("Axtria") on April 11, 2017, with USCIS to classify Plaintiff as an H-1B nonimmigrant

worker to be employed by Axtria as an Associate-Business Operations Analytics. *See* Pl.'s Compl. ¶

12. Axtria's petition sought to employ Plaintiff on a temporary basis in a "specialty occupation"

pursuant to 8 U.S.C. § 1101(a)(15)(H)(i)(B). *Id.* ¶ 1. Axtria alleged that it is a Big Data and

Analytics company which combines industry knowledge, analytics and technology to deliver

solutions to help its clients make better data driven decisions. *Id..* ¶ 8. In its Form I-129, Axtria

indicated that Plaintiff's position consisted of "[u]nderstand[ing] the client's business requirements

(10%)," "[a]nalytics solution delivery (75%)," and working on "Axtria's Capabilities Development

(15%)." *Id.* ¶ 13.

USCIS issued an initial request for further evidence ("RFE") to Axtria regarding the degree

requirements for Plaintiff's Associate-Business Operations Analyst position. *Id.* ¶ 14. In response to

USCIS's request for further evidence, Axtria provided, according to Plaintiff, "a substantially more

detailed description of the duties of the offered position." *Id.* ¶ 15. After reviewing Axtria's

response to the RFE, USCIS issued a decision denying Axtria's petition on March 30, 2018. *Id.* ¶

16. In consulting the OOH, USCIS concluded that "[t]he duties described in the record are

comparable to the duties of an Operations Research Analyst." *Id.* Plaintiff alleges that USCIS

omitted particular language from the OOH which pertains to the educational requirements of

becoming an operations research analyst. *Id.* ¶ 17. Said language states the following:

> Because operations research is based on quantitative analysis, students need
> extensive coursework in mathematics. Courses include statistics, calculus, and
> linear algebra. Coursework in computer science is important because analysts
> rely on advanced statistical and database software to analyze and model data.
> Courses in other areas, such as engineering, economics, and political science,

4

are useful because operations research is a multidisciplinary field with a wide variety of applications. *Id.*

In its decision to deny petitioner's petition to classify Plaintiff as a nonimmigrant under 8 U.S.C. § 1101(a)(15)(H)(i)(B), USCIS stated that

> [t]he OOH does not indicate that a baccalaureate degree in a specific field of study is the minimum educational requirement for an Operations Research Analyst …Accordingly, a range of educational credentials, may qualify an individual to perform the duties of an Operations Research Analyst….Therefore, the evidence of record does not satisfy the criterion of 8 C.F.R. § 214.2(h)(2)(iii)(A)(1): that a baccalaureate or higher degree, or its equivalent, in a specific speciality, is normally the minimum requirement for entry into the particular position.

*Id.* ¶ 18. On February 20, 2019, USCIS reopened the petition *sua sponte* pursuant to 8 C.F.R. § 103.5(a)(5)(ii) to render a new decision on the instant petition. USCIS issued a Notice to Reopen through Form I-797C to Axtria. *See* ECF No. 12-1. On February 21, 2019, USCIS then issued Axtria a Request For Evidence (#EAC1713852386) which requested a response by May 19, 2019. *See* ECF No. 12-2. Accordingly, as Axtria's petition was reopened on February 20, 2019, there is currently no final agency action in this matter.

## IV.   STANDARDS OF REVIEW

### A. The Scope of Review Under The APA

The Court's authority to review the conduct of an administrative agency is limited to cases challenging "final agency action." 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."). *See also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S.  871, 882 (1990) ("When … review is sought not pursuant to specific authorization in the substantive statute, but only under the general review provisions of the APA, the 'agency action' in question must be 'final agency action'"). The finality requirement is imposed to ensure the compilation of a complete agency record for judicial review, or alternatively, to obviate any need for judicial review. *FTC v. Standard Oil Co. of Cal.*, 449 U.S. 232, 244 (1980). The finality requirement is a necessary element of any APA claim. *See Dalton*

*v. Specter*, 511 U.S. 462, 469 (1994). *See also Center for Auto Safety v. NHTSA*, 452 F.3d 798, 806 (D.C. Cir. 2006) ("the court held that a challenged action must 'either (1) reflect 'final agency action … or (2) 'constitute a de facto rule or binding norm that could not properly be promultgated absent the notice-and-comment rulemaking required by § 553 of the APA'").

Agency action is considered final when two elements are met. First, the action must "mark the 'consummation' of the agency's decisionmaking process" and, as a result, cannot be tentative or interlocutory. Second, "the action must be one by which 'rights or obligations have been determined,'" or from which "legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (citations omitted). To assist courts in determining whether the agency action is "final," the Supreme Court found the core question to be "whether the agency has completed its decisionmaking process, and whether the result of that process is one that will directly affect the parties." *Franklin v. Massachusetts*, 505 U.S. 788, 797 (1992); *see also Nat'l Mining Ass'n v. McCarthy*, 758 F.3d 243, 251-53 (D.C. Cir. 2014) (agency action is considered final to the extent that it imposes an obligation, denies a right or fixes some legal relationship.); *Role Models Am., Inc. v. White*, 317 F.3d 327, 331-32 (D.C. Cir. 2003) (same).

**B.  Federal Rule Civil Procedure 12(b)(6)**

Under Federal Rule Civil Procedure 12(b)(6), "a party may challenge the sufficiency of a complaint on the grounds that it 'fail[s] to state a claim upon which relief can be granted.'" In order for a Plaintiff to survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'such that a court may 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *LanceSoft, Inc. v. USCIS*, 755 F. Supp. 2d 188, 191 (D.D.C. 2010) (*citing Ashcroft v. Iqbal*, 556 U.S. 662 (2009)) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556, 570 (2007)). In deciding a motion brought under Rule 12(b)(6), "a court does not consider matter outside the pleadings, but a

court may consider a motion to dismiss on the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, or documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss." *Terveer v. Billington*, 34 F. Supp. 3d 100, 110 (D.D.C. 2014) (*citing Ward v. D.C. Dep't of Youth Rehab. Serv's*, 768 F.Supp.2d 117, 119 (D.D.C. 2011)) (internal quotations and citations omitted). When considering a motion to dismiss for failure to state a claim, "the court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations." *Ravulapalli v. Napolitano*, 773 F. Supp. 2d 41, 49 (D.D.C. 2011) (*citing In re United Mine Workers of Am. Employee Benefit Plan Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994)). However, "[w]hen a complaint's well pleaded facts do not enable a court, 'draw[ing] on its judicial experience and common sense,' 'to infer more than the mere possibility of misconduct,' the complaint has not shown that the pleader is entitled to relief." *Ravulapalli*, 773 F. Supp. at 50.

## C.  Federal Rule of Civil Procedure 12(b)(1)

A plaintiff's standing under Article III of the United States Constitution must be determined first in order to establish the jurisdiction of the Court to hear the case and reach the merit. *George v. Napolitano*, 693 F. Supp. 2d 125, 129 (D.D.C. 2010); *see also Grand Council of the Crees v. FERC*, 198 F.3d 950, 954 (D.C. Cir. 2000). Standing focuses on the party before the court and not the issues the party seeks to adjudicate. *Nat'l Fed'n of Fed. Emp. v.* Cheney, 883 F.2d 1038, 1041 (D.C. Cir. 1989). Lack of standing is a defect in subject matter jurisdiction. *See Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). There is a presumption that "a cause lies outside the federal court's limited jurisdiction unless the plaintiff establishes by a preponderance of the evidence that the Court possesses jurisdiction." *Ramer v. United States*, 620 F. Supp. 2d 90, 95–6 (D.D.C. 2009) (*quoting Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). While the Complaint is

7

construed liberally, "the Court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions." *See Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006). "Plaintiffs' factual allegations in the complaint … will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 78 (D.D.C. 2010) (internal quotation marks and citations omitted). Courts should dismiss a suit brought by a plaintiff without Article III standing under Rule 12(b)(1). *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109–10 (1998).

## V.    ARGUMENT

### A. Plaintiff's Claims Must Be Dismissed For Failure To State a Claim Based On Lack Of Final Agency Action

USCIS's *sua sponte* reopening of Axtria's petition on February 20, 2019 and its issuance of an RFE on February 21, 2019 has resulted in the lack of any final agency action that is subject to judicial review. Plaintiff alleges that USCIS's March 30, 2018 decision was not in accordance with the law because it was based on an erroneous interpretation of what qualifies as a specity occupation, that USCIS's finding that a baccalaureate or higher degree or its equivalent in a specific specialty is not normally the minimum requirement for entry in to the offered position is arbitrary and capricious, and that the decision overall is an abuse of discretion. *See* Pl.'s Compl. All of Plaintiff's counts are directly tied to the March 30, 2018 denial by USCIS. However, USCIS's reopening of this petition and its request for evidence no longer makes this matter eligible for judicial review as there is other potential adequate remedy and no longer finality of agency action. *See* 5 U.S.C. § 704.

USCIS's decision to reopen the petition *sua sponte* is based on its regulatory authority "in order to make a new decision favorable to the affected party" as well as when "the new decision may be unfavorable to the affected party." 8 C.F.R. § 103.5(a); *see also Net-Inspect, LLC v. USCIS*, NO.

C14-1514-JLF, 2015 WL 880956, at *5 (W.D. Wash. Mar. 2, 2015); *see also True Capital Mgmt., LLC v. U.S. Dep't of Homeland Sec.*, No. 13-261 JSC, 2013 WL 3157904, at *3 (N.D. Cal. June 20, 2013) ("Section 103.5(a)(5) … does not preclude Defendants from asking for additional evidence before deciding whether to change course and grant a petition …). In fact the district court in *Net-Inspect, LLC* noted that the regulations governing H-1B visa applications "do not prohibit Immigration Services from reopening an application after a legal proceeding for review has commenced." 2015 WL 880956, at *4-5. *See also Gao v. Gonzalez*, 464 F.3d 728 (7th Cir. 2006) (holding that the BIA did not need judicial permission to reopen a proceeding); *Ahlijah v. Nielsen*, CV No. PX-17-1720, 2018 WL 3363875, at *2 (D. Maryland July 10, 2018) (USCIS exercised its lawful authority to reopen and reconsider its 2014 decision). Thus, USCIS exercised its lawful authority to reopen Axtria's petition on February 20, 2019.

By reopening Axtria's petition and issuing an RFE, the question before this Court is whether there is final agency action. The Court's authority to review the conduct of an administrative agency is limited to cases challenging "final agency action." 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."). It is well established that "a court may not review a non-final agency action." *Conservation Force v. Salazar*, 919 F. Supp. 2d 85, 89 (D.D.C. 2013); *see also Holistic Candlers & Consumers Ass'n v. FDA*, 664 F.3d 940, 943 (D.C. Cir. 2012). An agency action is final if it (1) marks the consummation of the agency's decision making process' and (2) affects the rights or obligations … [or the] legal consequences' of the party seeking review. *Conservation Force*, 919 F. Supp. 2d at 89 (*quoting Bennett v. Spear*, 520 U.S. at 177-79).

USCIS's reopening of Axtria's petition demonstrates that it has not "rendered its last word on the matter" and that said petition at this juncture anticipates a further decision. *See Fairbanks N. Star Borough v. U.S. Army Corps of Engineers*, 543 F.3d 586, 593 (9th Cir. 2008) ("Instead, the fact that

'[n]o further decisionmaking on [an] issue can be expected … [is] clear indication that the first prong

of the … finality test is satisfied"); *see also Independent Petroleum Ass'n of America v. Babbit*, 971

F.Supp. 19, 28 (D.C. Cir. 1997) (*quoting Port of Boston Marine Terminal Ass'n v. Rederiaktiebolaget*

*Transatlantic*, 400 U.S. 62, 71 (1970)) ("Put another way, '[t]he relevant consideration in determining

finality are whether the process of administrative decisionmaking has reached a stage where judicial

review will not disrupt the orderly process of adjudication and whether rights or obligations have

been determined or legal consequences will flow from agency action.'"). As a result of reopening the

petition for Axtria, USCIS is not in a position to impose an obligation, deny a right nor fix a legal

relationship vis-à-vis Axria—let alone Plaintiff. *See Reliable Automatic Sprinkler Co., Inc. v.*

*Consumer Prod. Safety Comm'n*, 324 F.3d 726, 731 (D.C. Cir. 2003) (*citing Role Models Am., Inc.*

*v. White*, 317 F.3d 327, 331-32 (D.C. Cir. 2003)). USCIS has reopened the petition and has provided

Axtria additional time to provide information and documentation bearing on the merits of the petition.

*See* ECF No. 12-2. Axtria's rights and obligations arising from the filing of this petition have not yet

been determined at this point. Although USCIS issued a denial of the Form I-129 on March 30, 2018,

the agency has reopened this case, which has the effect of nullifying the prior agency decision. *See* 8

C.F.R. § 103.5(a)(5)(ii). The agency decisionmaking process is now underway, and the petition may

ultimately be approved. Furthermore, USCIS's decision to reopen the petition does not interfere with

the Court's power to review agency action under the APA at a later time – when the agency action is

final. Because both prongs of the "finality test" fail at this time, as there is no final agency action and

review under the APA is not permissible at this point.

Given that Axtria has the opportunity to present further evidence and legal arguments to

USCIS by responding to the February 21, 2019 RFE by May 19, 2019, USCIS has not issued a final

decision in this matter. Accordingly, judicial review is not appropriate at this time and Plaintiff has

failed to state a cause of action under the APA. Plaintiff's complaint should be dismissed in its entirety for failure to state a claim.

## B. Plaintiff's Claims Should Be Dismissed For Lack of Standing

**In the alternative, this Court should dismiss the counts in Plaintiff's Complaint for lack of standing pursuant to Federal Rule Civil Procedure 12(b)(1).**

In the alternative, this Court should dismiss the counts in Plaintiff's Complaint for lack of standing pursuant to Federal Rule Civil Procedure 12(b)(1). The requirements of standing are separated into two categories: Article III constitutional requirements and the prudential requirements created by the judiciary. *See Pai v. U.S. Citizenship and Immigration Services*, 810 F.Supp.2d 102, 107 (D.D.C. 2011).

### 1.   Plaintiff Fails To Establish Article III Standing

To establish Article III standing, a plaintiff must show that (1) he has suffered an injury in fact, that is a concrete, particularized, and actual or imminent rather than conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) a favorable decision on the judicial relief requested is likely to redress the injury. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180–81 (2000) (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). As explained by the Supreme Court, "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan*, 504 U.S. at 560–61 (citing *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976)). Unless this showing is made, "courts have no charter to review and revise legislative and executive action," *Summers v. Earth Island Inst.*, 555 U.S. 448, 492 (2009), and engaging in such review would be tantamount to an advisory opinion, "inimical to the Constitution's democratic character." *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 133 (2011).

This Court should first dismiss Plaintiff's Complaint because Plaintiff has failed to allege in her Complaint how exactly she has been injured, let alone an injury to a "legally protected interest." *See Pai*, 810 F.Supp.2d at 106 (plaintiffs first raised specific injuries cognizeable under Article III only at the hearing on the motion to dismiss and not in their complaint) "Article III of the Constitution restricts the federal courts to deciding only actual ongoing controversies; and a federal court has no power to render advisory opinions [or] … decide questions that cannot affect the rights of litigants in the cases before them." *Vemuri v. Napolitano*, 845 F. Supp. 2d 125, 129 (D.D.C. 2012) (*quoting Nat'l Black Police Ass'n v. District of Columbia*, 108 F.3d 346, 349 (D.C. Cir. 1997). Plaintiff makes no mention in her Complaint the nature of the injury. Plaintiff merely asserts that nothing in the legislative history, structure and text of the Immigration and Nationality Act "supplies the requisite 'clear and convincing purpose' of an intent to preclude the beneficiary of a nonimmigrant visa petition from seeking judicial review of a denial." Pl.'s Compl. ¶ 22. Plaintiff has the burden to allege an injury in fact that is concrete and particularized. *See Brown v. F.B.I.*, 793 F. Supp. 2d 368, 374 (D.D.C. 2011). Even if Plaintiff had simply alleged in her complaint that her legally protected interest was the denial of Axtria's petition, courts have viewed that argument to be circular. *See Cost Saver Management LLC v. Napolitano, et al.*, CV 10-2105-JST, 2011 WL 13119439, *3 (C.D. Cal. June 7, 2011). However, Plaintiff has more than failed to meet that burden by failing to allege any concrete and particularized injury sufficient to satisfy Article III standing.[1]

Assuming, *in arguendo*, that Plaintiff had alleged a concrete injury recognized by this Court, regarding Article III standing in relation to an employer's visa petition and its individual alien

---

[1] A court in this same jurisdiction, *Stellar IT Solutions, Inc. and Kartik Krishnamurthy* v. USCIS, CV No. 18-2015 2018 WL 6047413 at *5 (D.D.C. Nov. 19, 2018), held that the beneficiary has "legal standing to bring a judicial challenge to USCIS's denial of the petition. He has suffered an injury-in-fact – the loss of [beneficiary's] legal nonimmigrant status – that is traceable to USCIS's denial of the petition and redressable by a favorable ruling in this Court." Defendants distinguish this case to the instant matter as Plaintiff has not stated her injury-in-fact. Furthermore USCIS's reopening of the petition provides an avenue of redress outside this court.

beneficiaries, this district has ruled that a beneficiary of an *immigrant* I-140 visa petition lacked standing to challenge any action by USCIS in regards to the employer's I-140 petition. *See George*, 693 F. Supp. 2d at 130. Similarly, another court in this district found that a beneficiary of a denied immigrant I-140 visa petition did not establish cognizable injuries under Article III: "(1) being deprived the opportunity to immigrate to the United States; and (2) economic injury in the form of lost wages" *Pai*, 810 F. Supp. 2d at 106. The *Pai* court rejected the plaintiff's reliance on *Legal Assistance for Vietnamese Asylum Seekers v. Dep't of State*, 45 F.3d 469 (D.C. Cir. 1995) as standing for the general rule that "a non-resident alien's deprivation of the right to immigrate to the United State *per se* constitutes Article III injury." *Pai*, 810 F. Supp. 2d at 106–07. The same court also rejected the plaintiff's reliance on *Jaimez-Revolla v. Bell*, 598 F.2d 243 (D.C. Cir. 1979) where the United States Court of Appeals for the District of Columbia ("D.C. Circuit") held that a non-resident alien had standing for jurisprudential reasons, such as discouraging illegal immigration. *Pai*, 810 F. Supp. 2d at 107. The *Pai* court noted that, in addition to these jurisprudential reasons, *Jaimez-Revolla* was distinguishable as the plaintiff in that case was "challenging his own application, not the petition of another person, or as in [*Pai*], a prospective employer's petition." *Id.*

In *Cost Saver Management LLC,* a non-resident alien beneficiary of a L-1 non-immigrant visa was deemed to "lack standing to bring claims" with no legally recognized injury and no right to review under the Administrative Procedures Act ("APA") of Executive Branch determinations. 2011 WL 13119439, at *3. The district court in that case ruled that a denial of a L-1A non-immigrant visa could not have legally injured Singh (plaintiff) because any legally protected interest that derives from the L-1A petition belongs to Cost Saver Management (the employer/petitioner). *Id.* Furthermore the *Cost Saver Management* court looked to the *George v. Napolitano* decision that found "[a]n employer 'is the party that petitioned for the visa, so it, and not plaintiff is considered the proper party having a personal stake in the outcome sufficient to warrant … invocation of federal court

jurisdiction." 693 F. Supp. 2d 125, 130 (D.D.C. 2010) (*quoting Ibrahimi v. Chertoff*, No. 07-3644, 2008 WL 3821678, *3 (D.N.J. Aug. 12, 2008).

The *Cost Saver* court also addressed Plaintiff's countervailing authority arising from *Abboud v. INS*, 140 F.3d 683 (9th Cir. 1998), *superseded by statute as stated by Spencer Enters., Inc. v. United States*, 345 F.3d 683, 692 n.5 (9th Cir. 2003). In *Abboud*, the United States Court of Appeals in the Ninth Circuit held that an alien had standing to challenge the denial of an I-130 visa petition, or "Petition for Alien Relative," filed on his behalf by his deceased United States-citizen father. 140 F.3d 843, 847 (9th Cir. 1998). Like the instant matter before this Court, the *Cost Saver* court pointed out how the plaintiff in *Abboud* sought an immigrant visa under a different section of the INA, whereas the *Cost Saver* beneficiary was hoping to receive a *nonimmigrant* employee visa: "*Abboud* concerned a petition for an I-130 immigrant visa, which allows an immediate relative of a United States citizen and lawful permanent residents to obtain an immigrant visa and eventually … to become a permanent legal resident. … That situation differs in law and gravity from an employer's attempt through a *nonimmigrant* … visa to transfer its foreign employee temporarily to the United States." 2011 WL 13119439, at *4 (citing *Abboud*, 140 F.3d at 847). The applicability of the *Cost Saver* decision is appropriate here, where "the plaintiff beneficiar[ies] ha[ve] lost nothing other than the opportunity to reside temporarily in the United States, which does not amount to an Article III injury." *Id. See also Blacher v. Ridge*, 436 F. Supp. 2d 602, 606 n.3 (S.D.N.Y. 2006) (the employer was the only party with standing to seek review of the denial of the H-1B visa petition rather than the beneficiary-employee). Accordingly, as Plaintiff lacks the requisite standing to challenge the denial of the Employer's Application, her Complaint must be dismissed.[2]

---

[2] While some courts have found that alien beneficiaries can establish standing to challenge denied nonimmigrant and immigrant visa petitions filed by employers, these cases are distinguishable from the instant action. In *Shalom Pentecostal Church v. Acting Sec'y U.S. Dep't of*

2.   Zone-Of-Interests Standing Of Individual Nonimmigrant Visa Beneficiaries

In addition to Article III's normal standing requirements, the Supreme Court has held that a preson suing under the APA must also be "arguably within the zone of interests to be protected or regulated by the statute" allegedly violated. *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 132 S. Ct. 2199, 2210 (2012).

The question of zone-of-interests standing for I-129 petitioners was discussed in depth in *Khalid v. DHS*, 1 F. Supp. 3d 560 (S.D. Tex. 2014). In that case, the court held that the interests of a religious worker, coming to work in the United States for an employer who filed a Form I-129 petition on the worker's behalf, was only tangentially related to Congress's purpose in passing the statute. *Id.* at 568–69. "The language of the statute and the cap on the number of special-immigrant visas, added to the INA's overall goal of protecting the American labor force, does not show a Congressional concern to further the interests of religious-worker aliens who seek to come to or remain in the United States." *Id.* at 569. Put in another way, contrary to Plaintiff's arguments that the relevant statute was meant to simply protect "aliens," the statutory cap and its limitations were not created out of Congress's great concern for visa beneficiaries. The key point in the legislation's zone of interest lies in the scarce number of visas. It is unlikely to believe that those existing limits are intended to protect

---

*Homeland Sec.*, a case in which the court found that an immigrant religious worker had statutory standing to challenge the denial of the church's petition for special immigrant religious worker visa on his behalf, is distinguishable from the instant action, as the court based its decision on a "specific carve-out within [8 C.F.R.] § 204.5(c)," providing that, for special immigrant religious workers, "the alien, or any person in the alien's behalf" has standing to file. 783 F.3d 156, 163 (3d Cir. 2015).

In *Patel v. U.S. Citizenship and Immigration Services,* the court found that an alien beneficiary of an I-140 visa petition filed by an employer (who had an approved labor certification application) had constitutional standing to challenge a denial of the second step of the immigrant visa process, noting that the alien "lost a significant opportunity to receive an *immigrant* visa." 732 F.3d 633, 638 (6th Cir. 2013) (emphasis added). This case is distinguishable from the instant matter because the H-1B nonimmigrant visa only grants a beneficiary with the temporary right to reside in the United States.

alien beneficiaries; the limits imposed are evidence of Congress' concern to protect the United States labor market. *See Pai*, 810 F. Supp. At 110.

The rationale in *Khalid* applies with the same force in this case. As nonimmigrant beneficiaries (as opposed to the petitioning companies and organizations), the individual Plaintiff in this matter is simply not among the class of people Congress implicitly authorized to sue. The H-1B visa allotment is a clear limitation–not a protection–for alien-worker beneficiaries. If anyone other than U.S. workers are to be protected by the statutory process challenged in this case, it is the prospective United States based employers who seek employment authorization on behalf of a foreign national the petitioner intends to employ.[3]

---

**[3] The H-1B regulations address protecting the interests of the petitioner, not the beneficiary.**

-8 CFR 214.2(h)(1)(i):
Temporary employees—(1) Admission of temporary employees—(i) General. Under section 101(a)(15)(H) of the Act, an alien may be authorized to come to the United States temporarily to perform services or labor for, or to receive training from, an employer, if petitioned for by that employer….**The *employer* must file** a petition with the Service for review of the services or training and for determination of the alien's eligibility for classification as a temporary employee or trainee, before the alien may apply for a visa or seek admission to the United States.
(Emphasis added)

-8 CFR 214.2(h)(2)(i)(A):

(2) Petitions—(i) Filing of petitions—(A) General. A United States *employer* seeking to classify an alien as an H-1B, H-2A, H-2B, or H-3 temporary employee ***must file*** a petition on Form I-129, Petition for Nonimmigrant Worker, as provided in the form instruction

(Emphasis added)

-8 CFR 214.2(h)(10)(ii):

Notice of denial. ***The petitioner*** *shall be notified* of the reasons for the denial and of *the right to appeal the denial* of the petition under 8 CFR part 103. ***See also***, 8 CFR 214.2(h)(11)(iii)(A)-(B) ( The director shall send **to *the petitioner*** a notice of intent to revoke the petition…);  (B) Notice and decision. The notice of intent to revoke shall contain a detailed statement of the grounds for the revocation and the time period allowed for ***the petitioner's rebuttal. The petitioner*** *may submit* evidence in rebuttal within 30 days of receipt of the notice…)

(Emphasis added).

Plaintiff cites to *De Ramirez, et. al. v. Reich, et al.*, 156 F.3d 1273, 1276 (D.C. Cir. 1998) as authority for Ms. Nagaraj, the beneficiary of the I-129 petition by Axtria, to be named the sole Plaintiff in this action and have standing.  The D. C. Circuit examined the threshold question of prudential standing for aliens suing to challenge a denial of a labor certification without the alien's employer. However, the D.C. Circuit was far from declaring with absolute certainty that aliens, without their employers, could invoke judicial review over a denied labor certification. *Id.* ("[W]e cannot conclude (despite our suspicions) that Congress had intended to preclude the alien from challenging labor certification denials without the alien's employer). *See also Block v. Community Nutrition Institute*, 467 U.S. 340, 351 (2000) (holding that, where substantial doubt about congressional intent exists, the general presumption favoring judicial review). As noted *supra*, Congress's creation of statutory caps and limitations, out of its concern for the United States labor market, speaks without doubt to its intent to exclude H-1B nonimmigrant applicants over petitioning employers from bringing civil actions for judicial review under the APA. *See supra* at 15-16.

Plaintiff in this case lacks both constitutional and prudential standing as she is a third party with no cognizable injury to challenge USCIS's denial of Axtria's petition and she is not within the statutory or regulatory zone of interest. Plaintiff's claims in her Complaint should be dismissed.

## VI.    CONCLUSION

Based on the arguments and points of authority set forth above, Plaintiff has failed to state a claim under the APA, and accordingly, his complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6). Alternatively, Plaintiff's complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1), as Plaintiff lacks constitutional and prudential standing to bring forth this action.

DATED:  March 8, 2019                               Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

GLENN M. GIRDHARRY
Assistant Director

SAMUEL P. GO
Senior Litigation Counsel

By: *s/ Daniel P. Chung*
DANIEL P. CHUNG
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-1263
Fax: (202) 305-7000
Daniel.P.Chung@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on March 8, 2019, I electronically filed the foregoing DEFENDANT'S MOTION TO DISMISS, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT and DECLARATION OF LYNN A. BOUDREAU (in compliance with LCvR 7-1(n)(1)) with the Clerk of Court by using the CM/ECF system, which will provide electronic notice and an electronic link to this document to the following attorney of record:

> Michael E. Piston
> Attorney for the Plaintiff
> 225 Broadway, Ste 307
> New York, NY 10007
> michaelpiston4@gmail.com
> (646) 845-9895

DATED:   March 8, 2019

> *s/ Daniel P. Chung*
> DANIEL P. CHUNG
> Trial Attorney
> United States Department of Justice
> Civil Division