UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAVYA NAGARAJ, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 18-cv-1977 (TSC) |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Kavya Nagaraj ("Plaintiff"), brings this suit under the Administrative Procedure Act alleging that the United States Citizenship and Immigration Service's ("USCIS") denial of a Petition for a Nonimmigrant Worker Visa ("Form I-129") was arbitrary, capricious, not in accordance with the law, and an abuse of USCIS's discretion. (ECF No. 1 ("Compl." ¶¶ 26–27) (citing 5 U.S.C. § 706(2)(A).) Since the suit was filed, USCIS approved Plaintiff's visa application, and now moves to dismiss the case as moot. For the reasons stated below, the court will GRANT Defendant's motion to dismiss.

### I. BACKGROUND

On April 11, 2017, Axtria, Inc. ("Axtria") filed a Form I-129 on Plaintiff's behalf to have her classified as an H-1B nonimmigrant to be employed by Axtria in the position titled "Associate-Business Operations Anlytics." (Compl. ¶ 12.) USCIS denied the petition on March 30, 2018 because one of the requirements—that the job necessitates a specialized degree—was not met. (Compl. ¶¶ 16, 18.) Plaintiff sued on August 23, 2018. On July 10, 2019, USCIS approved a second, separate Petition filed by Plaintiff for the same visa. (ECF No. 17 at 2.)

1

## II. STANDARD OF REVIEW

"Article III of the Constitution restricts the federal courts to deciding only actual, ongoing controversies." *Nat'l Black Police Ass'n v. District of Columbia*, 108 F.3d 346, 349 (D.C.Cir.1997) (internal citations omitted). In other words, "a live controversy must exist at all stages of review." *Id.* "Hence, '[e]ven where litigation poses a live controversy when filed, . . . [this] court [must] refrain from deciding it if 'events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.'" *Id.* (quoting *Clarke v. United States*, 915 F.2d 699, 701 (D.C. Cir.1990) (en banc)).

"[J]urisdiction, properly acquired, may abate if the case becomes moot because (1) there is no reasonable expectation that the alleged violation will recur, and (2) interim events have completely and irrevocably eradicated the effects of the alleged violation." *Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979) (internal citations and quotations omitted). "When both conditions are satisfied it may be said that the case is moot because neither party has a legally cognizable interest in the final determination of the underlying questions of fact and law." *Id.*

In evaluating a motion to dismiss a court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff[s] the benefit of all inferences that can be derived from the facts alleged[.]'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). But the court "need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept [plaintiffs'] legal conclusions." *Disner v. United States*, 888 F. Supp. 2d 83, 87 (D.D.C. 2012) (quoting *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006)). A motion to dismiss under 12(b)(1) "is not limited to the allegations of the complaint." *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), vacated on other grounds, 482 U.S. 64 (1987). And "a court may consider such materials

outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000) (citing, inter alia, *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)).

### III. ANALYSIS

The dispositive question is whether USCIS mooted Plaintiff's claim when it granted her the visa that she sought. The answer to that question turns on whether USCIS can show that there is "no reasonable expectation that the alleged violation will recur" and that the granting of the visa "completely and irrevocably eradicated the effects of the" initial denial. *Los Angeles County*, 440 U.S. at 631 (internal citations and quotations omitted).

Plaintiff argues that there is a reasonable expectation that the alleged violation would recur each time she seeks to extend her H-1B status. (ECF No. 18 at 2.) She also cites to *Environmental Defense Fund, Inc. v. Gorsuch*, 713 F. 2d 802, 810 (D.C. Cir. 1983) for support, but that case is inapposite because there, unlike this case, the question of an agency's authority to make a particular decision remained in dispute. *Id.* (holding that an agency's reversal on a decision to suspend a permitting process did not moot the plaintiff's claims against the initial suspension because the agency's authority was still in dispute).

Defendant argues that the visa was granted in accordance with UCSIS policy, and that there is thus no basis to assume that Plaintiff's future applications will be denied. (ECF No. 19 at 7.) Defendant points out that every request for a visa renewal is evaluated on a case-by-case basis, and that any previous decision is not binding on future decisions. (ECF No. 19 at 8–9.) Thus, a denial in the past would not indicate a denial in the future.

This court finds that, based on the record before it, there is "no reasonable expectation that the violation will recur," *Los Angeles County*, 440 U.S. at 631, because it is unclear if and when Plaintiff will apply for renewal, and even if she does, the initial denial does not create an

expectation that her application will be denied again.  This is especially the case here because Plaintiff's application was eventually approved (suggesting that it may well be approved again), and because the initial denial resulted from USCIS' analysis of the facts they were provided, not because of any particular offending policy that remains in place.  This court further finds that the granting of the visa remedied the initial harm, and "completely and irrevocably eradicated the effects of the alleged violation." *Los Angeles County*, 440 U.S. at 631.  Further, while continued adjudication may improve Plaintiff's chances of recovering attorney's fees, the "mere fact that continued adjudication would provide a remedy for an injury that is only the byproduct of the suit itself does not mean that an injury is cognizable under Art. III." *Diamond v. Charles*, 476 U.S. 54, 70–71 (1986).  Accordingly, Plaintiff's claims against USCIS are moot.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss will be GRANTED.  The Clerk of Court is respectfully requested to close this case.

A corresponding order will issue separately.

Date:  March 23, 2020

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge